IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALTOVISE DAVIS and BOYAR INVESTMENTS, LLC, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Civil Action No. <u>3:08-CV-00008-P</u> |
| BARRETT LARODA; ANTHONY FRANCIS; and THE LARODA GROUP, | § § § | |
| Defendants. | § § | |

---

**DEFENDANTS BARRETT LARODA, ANTHONY FRANCIS,
AND THE LARODA GROUP'S MOTION TO DISMISS, OR, IN
THE ALTERNATIVE, TO TRANSFER VENUE, AND BRIEF IN SUPPORT**

---

David H. Harper
State Bar No. 09025540
Layne S. Keele
State Bar No. 24050856
HAYNES AND BOONE, L.L.P.
901 Main Street, Suite 3100
Dallas, Texas 75202
Telephone:     [214] 651.5000
Telecopier:     [214] 651.5940

**ATTORNEYS FOR DEFENDANTS BARRETT
LARODA; ANTHONY FRANCIS; AND THE
LARODA GROUP**

## TABLE OF CONTENTS

I.    **INTRODUCTION**................................................................................ 1

II.   **FACTUAL BACKGROUND** ............................................................ 2

III.  **LACK OF PERSONAL JURISDICTION** ...................................... 3

     A.   **Jurisdictional Standards** ................................................. 3

     B.   **Defendants Are Not Subject to General Jurisdiction in Texas.**.............................. 4

     C.   **Defendants Are Not Subject to Specific Jurisdiction in Texas.** ............................... 4

IV.  **IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** ...................................... 7

     A.   **The standard for transfer of venue under 28 U.S.C. § 1404** ..................................... 7

     B.   **The "private concerns" favor a transfer to the Central District of California.** ....... 9

     C.   **The "public concerns" likewise favor transfer.**........................................................ 9

VI.  **CONCLUSION AND REQUST FOR RELIEF** ............................................................. 10

## <u>TABLE OF AUTHORITIES</u>

### <u>Federal Cases</u>

*Calder v. Jones*, 465 U.S. 783, 790 (1984) ............................................................................. 6

*Colombia, S. A. v. Hall*, 466 U.S. 408, 415 (1984) ................................................................ 4

*Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 415 (1984) ................... 4

*ICEE Distribs. v. J&J Snack Foods Corp.*, 325 F.3d 586, 592 (5th Cir. 2003) ...................... 5

*In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ...................................................... 8

*In re Volkswagen of Am. Inc.*, 506 F.3d 376, 383 (5th Cir. 2007) .......................................... 8

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945) ....................................................... 3

*Jackson v. West Telemarketing Corp. Outbound*, 245 F.3d 518, 523 (5th Cir. 2001) .............. 10

*McDonald v. N. Park Props., LLC*, No. 3:02-CV-0449-P, 2002 U.S. Dist. LEXIS 14216, at *9-
10 (N.D. Tex. July 30, 2002) ............................................................................................ 5

*Nature Coast Collections, Inc. v. Consortium Serv. Mgmt. Group, Inc.*, No. C-06-273, 2006 U.S.
Dist. LEXIS 91009, at *19 (S.D. Tex. Dec. 18, 2006) ..................................................... 8

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) ..... 3, 6

*Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 772 (5th Cir. 1988) ............................ 6

*Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) ................................................................. 4


### <u>Federal Statutes</u>

28 U.S.C. § 1391 .................................................................................................................. 7

28 U.S.C. § 1404 ............................................................................................................. 7, 10

28 U.S.C. § 1404(a) .............................................................................................................. 1


### <u>Federal Rules</u>

Fed. R. Civ. P. 12(b)(2) ......................................................................................................... 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALTOVISE DAVIS and BOYAR INVESTMENTS, LLC, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Civil Action No. <u>3:08-CV-00008-P</u> |
| BARRETT LARODA; ANTHONY FRANCIS; and THE LARODA GROUP, | § § § | |
| Defendants. | § § | |

---

**DEFENDANTS BARRETT LARODA, ANTHONY FRANCIS,
AND THE LARODA GROUP'S MOTION TO DISMISS, OR, IN
THE ALTERNATIVE, TO TRANSFER VENUE, AND BRIEF IN SUPPORT**

---

Defendants Barrett LaRoda, Anthony Francis, and The LaRoda Group (collectively,

"Defendants") file this Motion to Dismiss, or, in the Alternative, to Transfer Venue, as follows:

## I.      INTRODUCTION

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants move to

dismiss this case for lack of personal jurisdiction.  In the alternative, and pursuant to 28 U.S.C. §

1404(a), Defendants move to transfer this case to the United States District Court for the Central

District of California.[1]

---

[1] If this Court determines that this case should be remanded to Texas state court, this pleading should be considered a "Special Appearance."

**DEFENDANTS BARRETT LARODA, ANTHONY FRANCIS,
AND THE LARODA GROUP'S MOTION TO DISMISS, OR, IN
THE ALTERNATIVE, TO TRANSFER VENUE, AND BRIEF IN SUPPORT**                    PAGE 1
D-1628763_1.DOC

## II.    FACTUAL BACKGROUND

Defendants—through Sammy Davis, Jr. Enterprises, Inc. ("SDJE"), a corporation jointly owned with Plaintiff Davis—hold intellectual property rights related to Sammy Davis, Jr. Plaintiff Boyar Investments, LLC allegedly holds rights in certain books based on the life of Sammy Davis, Jr.  The purpose of this suit is to coerce Defendants to abandon their business judgment and agree to license their rights under terms that Defendants do not believe to be in the best interests of SDJE.

As the Court is aware through the parties' prior pleadings, Anthony Francis met Ms. Davis many years ago, when Sammy Davis, Jr.'s sister, Ramona, introduced them and asked Mr. Francis to "look out for" Ms. Davis.  Later, and at Plaintiff Davis's request, Mr. Francis began to advise her in matters related to Mr. Davis's estate.  Mr. LaRoda and The LaRoda Group became consultants for Ms. Davis and the estate, and worked diligently to assist Ms. Davis in capitalizing on, and enhancing the value of, the estate's intellectual property rights.  Later, the parties entered into a Pre-Incorporation Stock Transfer Agreement and an Assignment.  Ms. Davis, Mr. Francis, and The LaRoda Group became co-owners of Sammy Davis, Jr. Enterprises, Inc. ("SDJE"), a newly-formed entity to which Ms. Davis transferred the late Mr. Davis's intellectual property rights.

Neither the Pre-Incorporation Stock Transfer Agreement nor the Assignment were negotiated in Texas, executed in Texas, or had any other relationship with Texas.   Defendants had no contacts whatsoever with Texas, either as consultants to Ms. Davis and the estate or later as co-owners of SDJE.  Defendants did not negotiate in Texas, enter into any contracts, deals, or licenses in Texas, travel to Texas on behalf of Ms. Davis or SDJE, or initiate communications with anyone in Texas.  LaRoda Decl. ¶¶ 8, 11, 22-23 at App. 2, 4; LaRoda Group Decl. ¶¶ 14,

23-24 at App. 17, 19; Francis Decl. ¶¶ 12-15 at App. 22.  Moreover, the movie deal that lies at the heart of this dispute was negotiated in New York and California with studio representatives from California.  LaRoda Decl. ¶ 19 at App. 3.  The primary counsel for Boyar Investments during the movie negotiations was Kenneth Meyer, an attorney in Santa Monica, California.  LaRoda Decl. ¶ 21 at App. 4.  During these negotiations, Mr. Francis was not involved, Francis Decl. ¶ 13 at App. 22, and Mr. LaRoda, to the extent he dealt with Boyar Investments, generally dealt with Burt Boyar in California.  *See* LaRoda Decl. ¶ 18 at App. 3.  Finally, Defendants do not hold bank accounts or assets in Texas, pay taxes in Texas, travel to Texas frequently, or otherwise maintain any continuous and substantial contacts with Texas.  LaRoda Decl. ¶¶ 3-10 at App. 1-2; LaRoda Group Decl. ¶¶ 3-13 at App. 16-17; Francis Decl. ¶¶ 3-10 at App. 21-22.

## III.   LACK OF PERSONAL JURISDICTION

### A.   Jurisdictional Standards.

Defendants lack the contacts with Texas necessary to vest this Court with personal jurisdiction over them.  The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume personal jurisdiction over a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).

On a motion to dismiss, the plaintiff bears the burden of establishing a *prima facie* case for jurisdiction.  *Id.* at *6.  Although, for purposes of a motion to dismiss for lack of jurisdiction, the Court generally credits uncontroverted *factual* allegations in the plaintiff's pleading, it should not defer to mere *conclusory* allegations.  *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) ("[T]he prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted.").

What constitutes "some minimum contact" depends in part on the nature of the contacts relative to the alleged causes of action.  Thus, jurisdiction may be general or specific. Where a defendant has "continuous and systematic general business contacts" with the forum state, *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 415 (1984), the court may exercise general jurisdiction over any action brought against that defendant. *Id*. at 414 n.9. Specific jurisdiction may be established "in a suit arising out of or related to the defendant's contacts with the forum." *Id*. at 414 n.8.

**B.      Defendants Are Not Subject to General Jurisdiction in Texas.**

Plaintiffs' jurisdictional allegations consist of vague and generic assertions that Defendants "have committed torts against Defendants in whole or in part in this state" and "engage in business in the State of Texas."  Pet. ¶ 7.  But Defendants' contacts in Texas do not begin to approach the level necessary for general jurisdiction.  "General jurisdiction . . . will attach . . . if the defendant's contacts with the forum state are both continuous and systematic." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).  Defendants' contacts with Texas cannot be characterized as either continuous or systematic—Defendants do not reside in Texas, do not own or lease any property in Texas, do not conduct business in Texas, and do not hold assets in Texas.  LaRoda Decl. ¶¶ 3-10 at App. 1-2; LaRoda Group Decl. ¶¶ 3-13 at App. 16-17; Francis Decl. ¶¶ 3-10 at App. 21-22.  Given the complete absence of any continuous or systematic contacts with Texas, Defendants may not be subjected to the general jurisdiction of Texas courts.

**C.      Defendants Are Not Subject to Specific Jurisdiction in Texas.**

A court may exercise specific jurisdiction over a nonresident defendant only if "(1) the nonresident defendant can be shown to have purposefully availed itself of the benefits afforded by the forum state and (2) the plaintiff's claims arise out of this purposeful contact with the

forum." *McDonald v. N. Park Props., LLC*, No. 3:02-CV-0449-P, 2002 U.S. Dist. LEXIS 14216, at *9-10 (N.D. Tex. July 30, 2002) (Solis, J.). Here, Defendants lack any contacts with Texas related to this suit.

Defendant LaRoda (on behalf of SDJE) entered into a single contract with a Texas entity—an agreement with Sammy Speaks, L.P. (which is apparently a Texas partnership).[2] LaRoda Decl. ¶ 12 at App. 2. This contract, however, forms no part of the basis of this lawsuit, and Plaintiffs' claims cannot be said to "arise" from the contract.[3] *See McDonald*, 2002 U.S. Dist. LEXIS 14216, at *9 (noting that specific jurisdiction requires that contacts "are directly related to" the cause of action). Moreover, even if this contract were related to the claims alleged, it would still be insufficient to convey jurisdiction. Notably, nowhere in the agreement with SDJE is any reference made to Sammy Speaks being a Texas entity. *See* Tab A to LaRoda Decl. at App. 6-15. In fact, a review of the contract itself shows that it was addressed on SDJE letterhead to Sammy Speaks, L.P. *at Burt Boyar's address in California*.     Tab A to LaRoda Decl. at App. 6. The agreement is governed by Delaware law, notices under the agreement were to be sent to New York, and the agreement nowhere refers to Sammy Speaks as a Texas entity. LaRoda Decl. ¶¶ 12-13. Defendant Francis took no part in negotiating this contract, Francis

---

[2] Of course, the contract is with SDJE, and not with LaRoda.

[3] In a desperate effort to sweep this contract into the jurisdictional analysis, Plaintiffs allege a "scheme" of self-dealing on Defendants' part, and then allege that "several of the acts committed by Defendants in furtherance of this scheme were committed in Texas, including entering into contracts with Texas corporations purportedly on behalf of Davis and SDJE." Pet. ¶ 23. Plaintiffs' attempt misses the mark. First, Plaintiffs fail to identify how this contract with a Texas partnership (or any other alleged contracts with a Texas corporation) furthered Defendants' alleged "scheme" of self-dealing such that this case could be said to "arise" from this contract. More importantly, it is well established that merely entering into a contract with a forum resident does not subject a defendant to jurisdiction in that forum. *McDonald*, 2002 U.S. Dist. LEXIS 14216, at *12 ("The mere fact that a nonresident defendant enters into a contract with a resident plaintiff, however, does not demonstrate that the nonresident defendant had sufficient contacts with Texas to permit the Court to exercise jurisdiction over it. Moreover, no term in the lease agreement . . . called for any portion of performance in Texas." (citation omitted)). This is particularly true where the negotiations, contract terms, and course of dealing all indicate that Texas was irrelevant to the contract. *ICEE Distribs. v. J&J Snack Foods Corp.*, 325 F.3d 586, 592 (5th Cir. 2003). In this case, Plaintiff was not even a party to the Sammy Speaks Agreement. This is precisely the type of "fortuitous" contact that cannot give rise to jurisdiction.

Decl. ¶ 12 at App. 22, and Defendant LaRoda negotiated it from California, primarily with Burt Boyar in California.  LaRoda Decl. ¶¶ 14-15 at App. 2-3.  LaRoda executed the contract in California, and he never traveled to Texas in connection with this contract.  LaRoda Decl. ¶ 16 at App. 3.  In fact, only when Defendant LaRoda received checks with a Dallas address (although he did not notice this) could he have discovered that Sammy Speaks was a Texas entity.  LaRoda Decl. ¶ 17 at App. 3.

The "effects" test established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783, 790 (1984), likewise cannot confer jurisdiction over Defendants.  This test, which looks to the effects of an intentional tort that is purposefully directed into the forum, comprises part of the minimum contacts test, but is not an independent basis for jurisdiction.  *See Brokerwood Prods. Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 381 (5th Cir. 2004) ("Foreseeable effects are part of the specific jurisdiction analysis.  But they are only one part: foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum." (quotation omitted)).

Jurisdiction predicated on Defendants' alleged interference with the movie deal simply does not pass constitutional muster.  Jurisdiction may not be founded on the fortuity of Plaintiff's residence, even for an alleged intentional tort under the effects test.  In *Panda Brandywine*, the Fifth Circuit affirmed the district court's dismissal for lack of jurisdiction over just such a claim. The court held that jurisdiction could not be founded on the defendant's alleged tortious interference with a Texas plaintiff's contract, particularly where the contracts at issue were not "not governed by Texas law, [were] not to be performed in Texas, and [had] no relation to Texas other than the fortuity that [plaintiffs] reside there."  *Panda Brandywine*, 253 F.3d at 869; *see also Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 772 (5th Cir. 1988) ("[T]here is no

evidence that USLICO expressly aimed its allegedly tortious activities at Texas . . . . Indeed, the

oral agreement with which USLICO allegedly interfered was apparently negotiated and made in

Atlanta and/or New York, and there is no evidence that the agreement was made or to be

performed in Texas or governed by Texas law.").   In this case, there is no evidence that the

movie deal was negotiated in Texas or that it was to be performed in Texas or governed by Texas

law.  In fact, the evidence is to the contrary.  LaRoda Decl. ¶ 20 at App. 4.  The effects test

cannot supply jurisdiction in this case in which Defendants lack any meaningful contact with

Texas.

## IV.   IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

### A.   The standard for transfer of venue under 28 U.S.C. § 1404.

Even if the Court concludes that it has personal jurisdiction over Defendants, this case

should be transferred to the Central District of California, because that forum provides a far more

convenient venue for the parties and witnesses.   Twenty-eight U.S.C. § 1404 provides in

pertinent part:

> For the convenience of parties and witnesses, in the interest of justice, a district
> court may transfer any civil action to any other district or division where it might
> have been brought.

Given that the Central District of California is where the contract negotiations and

executions occurred, including those related to the allegedly-fraudulent Assignment, that is a

district in which this case "might have been brought."  28 U.S.C. § 1391.  The convenience of

the parties and witnesses, and the interest of justice, would be best served if this case were

transferred to the Central District of California.

None of the events made the subject of Plaintiffs' petition took place in Texas.

Defendants took no actions in Texas.   Mr. LaRoda, Mr. Boyar, and Ms. Davis all live in

California, LaRoda Decl. ¶¶ 2, 18 at App. 1, 3, and California provides an equally convenient venue for Mr. Francis, who is a resident of Florida.  Francis Decl. ¶ 16 at App. 22.  The only entity in this litigation with any connection to Texas is Boyar Investments, LLC.  Even that connection, however, is weak, because the only principal of Boyar Investments that was perceptibly involved in any of the events described in the petition is Burt Boyar, a California resident.  *See* LaRoda Decl. ¶¶ 14, 18 at App. 2-3.

In evaluating a Motion to Transfer Venue pursuant to § 1404(a), the Court analyzes a number of factors, none of which is dispositive.[4]  Those factors consist of four "private concerns" and four "public concerns."  *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004).  The "private concerns" include relative ease of access to sources of proof, availability of compulsory process to secure the attendance of witnesses, cost of attendance for willing witnesses, and all other practicalities that make trial of a case easy, expeditious and inexpensive.  *Id.*  The "public concerns" include the administrative difficulties flowing from court congestion, local interest in having localized interests decided at home, familiarity of the forum with the law that will govern the case, and avoidance of unnecessary problems of conflict of laws and the application of foreign law.  *Id.*  "With regard to the public factors, '[c]ourts also consider judicial economy, that is whether a transfer would avoid duplicative litigation and prevent waste of time and money.'"  *Nature Coast Collections, Inc. v. Consortium Serv. Mgmt. Group, Inc.*, No. C-06-273, 2006 U.S. Dist. LEXIS 91009, at *19 (S.D. Tex. Dec. 18, 2006) (alteration in original).

---

[4] A panel of the Fifth Circuit recently offered an exhaustive analysis of the weight given to a plaintiff's choice of forum under a § 1404(a) analysis, concluding that the plaintiff's choice of forum simply places the burden on a defendant to show "good cause" for the transfer.  *In re Volkswagen of Am. Inc.*, 506 F.3d 376, 383 (5th Cir. 2007) ("Plaintiff's choice of forum is entitled to deference. . . . But the appropriate standard . . . is that established by *Humble Oil.* Namely, a party seeking a transfer 'must show good cause.' When viewed in the light of § 1404(a), to show good cause means that a moving party must demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"), *reh'g en banc granted*, 2008 U.S. App. LEXIS 3322 (Feb. 14, 2008).

**B.      The "private concerns" favor a transfer to the Central District of California.**

The accessibility and location of sources of proof militates in favor of transfer.  SDJE's

records are kept in California, as are The LaRoda Group's.  LaRoda Group Decl. ¶¶ 25-26 at

App. 19-20.  Other key players in the movie negotiation, such as Kenneth Meyer, are located in

the Central District of California.  And again, the only principal of Boyar Investments, LLC who

took any role in the negotiations was Burt Boyar, who resides in California.  *See* LaRoda Decl.

¶¶ 14, 18 at App. 2-3.  Thus, there are no significant witnesses or sources of proof located in

Texas.

Although it is not yet clear who may be non-party witnesses in this action, the most

obvious ones would be personnel at the movie studio.  Because studio representatives from

California were involved in the negotiations, the availability of process to secure the attendance

of witnesses favors transfer.  In addition, it is possible that Mr. Meyer, Boyar Investment's Los

Angeles attorney, could be a non-party witness.  (Other players in the negotiation, such as

Londell McMillan, are in New York, and would likely be subject to compulsory attendance in

neither venue.)  Moreover, the material fact witnesses reside in California, since that is where all

of the events described in Plaintiffs' petition took place.[5]  Thus, this factor favors transfer.  And

the only Texas resident in this case—Plaintiff Boyar Investments—has repeatedly acted through

its agent Burt Boyar in California.  Thus, California will not provide an inconvenient forum for

Boyar Investments.

**C.      The "public concerns" likewise favor transfer.**

The "public concerns" listed by the Fifth Circuit in *In re Volkswagen AG* also militate in

favor of transfer.  In determining the applicable law to the torts Plaintiffs have alleged, Texas

---

[5] This is not meant to imply that all of the events alleged in Plaintiffs' petition actually occurred—merely that the contract negotiations and other events took place in California.

adheres to the "most significant relationship" test. *Jackson v. West Telemarketing Corp. Outbound*, 245 F.3d 518, 523 (5th Cir. 2001). As is clear from the jurisdictional arguments above, as well as Defendants' declarations, all of the conduct described in Plaintiffs' petition occurred outside of Texas, with California bearing by far the most substantial relationship to the alleged torts. Because California law likely governs Plaintiffs' claims, and the Central District of California is more likely than Texas courts to be familiar with California law, transfer is warranted.

In addition, judicial economy favors a transfer. A lawsuit, Cause Number CV08-00411, is pending in the Central District of California that includes all of the parties involved here, in addition to other parties unlikely to fall under Texas jurisdiction. Thus, if transferred, this case could be consolidated with that one, furthering the public's interest in judicial economy. Finally, to the extent "local interests" are involved, they are much greater in California (where three of the parties reside, including one plaintiff) than in Texas, where only one party resides (and even that in little more than name only). Again, this factor weighs heavily in favor of transfer.

## VI.      CONCLUSION AND REQUST FOR RELIEF

As set forth above, Defendants' contacts with Texas do not rise to the level required for jurisdiction to comport with due process. Accordingly, Defendants request that this suit be dismissed for lack of personal jurisdiction. Alternatively, Defendants request that this case be transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404 for consolidation with cause number CV08-00411.

Respectfully submitted,

/s/ Layne S. Keele
David H. Harper
State Bar No. 09025540
Layne S. Keele
State Bar No. 24050856
HAYNES AND BOONE, L.L.P.
901 Main Street, Suite 3100
Dallas, Texas 75202
Telephone:     [214] 651.5000
Telecopier:    [214] 651.5940

**ATTORNEYS FOR DEFENDANTS BARRETT
LARODA; ANTHONY FRANCIS; AND THE
LARODA GROUP**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a copy of Defendants' Motion to Strike Plaintiffs'
Untimely Reply was served on the attorneys of record in this case in accordance with the Federal
Rules of Civil Procedure on this 14th day of March, 2008.

Michael P. Lynn                              *Via ECF*
Jeremy Fielding
LYNN TILLOTSON & PINKER, L.L.P.
750 N. St. Paul Street
Suite 1400
Dallas, Texas  75201
Telephone:     [214] 981-3800
Telecopier:    [214] 981-3839

/s/ Layne S. Keele
Layne S. Keele