IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE ESTATE OF ALTOVISE DAVIS, BOYAR INVESTMENTS, LLC, and SAMMY SPEAKS, LP, <br><br> Plaintiffs, <br><br> v. <br><br> BARRETT LARODA, ANTHONY FRANCIS, THE LARODA GROUP, and SAMMY DAVIS JR. ENTERPRISES, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:08-CV-0008-P |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses The Estate of Altovise Davis's ("Plaintiff" or "Mrs. Davis") motion for partial summary judgment (Docket #159), Plaintiff's objections to Defendants' summary judgment evidence (Docket ##173, 174), Defendants' Motion to Strike the Estate's Reply to Defendants' Response to the Estate's Objections to the Declarations of Barrett LaRoda (Docket # 205), and Plaintiffs' motion for injunctive relief (Docket #186). After careful consideration of the Parties' briefing, the evidence, and the applicable law, the Court hereby DENIES Plaintiff's motion for partial summary judgment, DENIES Plaintiff's Objections to Defendants' Summary Judgment Evidence, DENIES Defendants' Motion to Strike the Estate's Reply and GRANTS Plaintiffs' motion for injunctive relief.

1

## BACKGROUND

When the celebrity entertainer Sammy Davis, Jr. died in 1990, he left his estate, including his copyrights and other intellectual property to his widow, Altovise Davis ("Mrs. Davis"). In 2004, Altovise Davis, Anthony Francis ("Francis"), and The LaRoda Group joined together to form a corporation named Sammy Davis, Jr. Enterprises, Inc. ("SDJE"), which would develop, market, and use the likeness and image of Sammy Davis, Jr. for a profit. To memorialize their agreements, these parties executed two contracts, a Pre-Incorporation Transfer Agreement ("Transfer Agreement") and an Assignment Agreement.

The Transfer Agreement between Mrs. Davis, The LaRoda Group, and Francis, memorialized how the corporate stock of SDJE would be held and disposed of by the parties. (Docket #160 at 59.) According to its terms, each of the parties to the Transfer Agreement was issued an equal amount of shares of the corporation.

The Assignment Agreement, which was entered into between Mrs. Davis and SDJE, stated that Mrs. Davis would assign all her right, title, and interest in Sammy Davis Jr.'s name and likeness to SDJE in exchange for one-third of the SDJE stock.

According to the Transfer Agreement, the parties agreed they would hold equal shares of SDJE stock for five years. At the end of five years, Francis and The LaRoda Group agreed to transfer all their stock back to Mrs. Davis for one dollar. Under the terms of the Transfer Agreement, the five-year term would expire on June 2, 2009. Mrs. Davis passed away on March 14, 2009. Manny Davis was appointed the sole administrator of Mrs. Davis's estate on April 27, 2010. After his appointment, Manny Davis tendered the $1 payment to Francis and The LaRoda Group, pursuant to the Transfer Agreement. However, Francis and The LaRoda Group have refused to

transfer their stock in SDJE back to Altovise Davis's estate.

Mrs. Davis (now her Estate),[1] Boyar Investments, LLC, and Sammy Speaks, LP filed this lawsuit, which asserts a claim for declaratory relief. Mrs. Davis filed a motion for partial summary judgment, seeking a declaration on her claim that she is the sole owner and shareholder of SDJE. Mrs. Davis also asks the Court to order Defendants Francis and The LaRoda Group to transfer all their stock in SDJE to Mrs. Davis in accordance with the Transfer Agreement.

Defendants argue they were justified in refusing to fulfill their contractual obligation to tender the stock because Mrs. Davis withheld certain royalty payments from SDJE. Defendants contend there are genuine issues of material fact with respect to their contractual and equitable defenses.

Defendants rely on the contractual principle that "that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." *Allied Capital Partners, L.P. v. Proceed Tech. Res., Inc.*, 313 S.W.3d 460, 464 (Tex. App. – Dallas 2010, n.w.h.) Defendants argue they performed their contractual duties to develop, market, advertise, licence, etc. the likeness and music of Sammy Davis Jr. while Mrs. Davis wrongly withheld royalties belonging to SDJE. They reason that because Mrs. Davis failed to live up to her end of the bargain, she cannot now seek to enforce their obligations.

## DISCUSSION

### A. Partial Summary Judgment.

This case involves two contracts among the Parties concerning the Parties' relationships with each other.

---

[1] The Court will refer to Mrs. Davis and the Estate of Mrs. Davis as "Mrs. Davis".

The first, the Pre-Incorporation Stock Transfer Agreement was entered into on May 20, 2004, among Mrs. Davis, Mr. Francis and The LaRoda Group. This agreement set forth how the stock of SDJE was to be issued, held, and disposed of. It specified that the three parties would be issued and would own equal shares of stock in SDJE for 5 years. At the end of 5 years, Mr. Francis and The LaRoda Group were obligated to transfer their stock back to Mrs. Davis "in consideration of her payment of the sum of one dollar (US) to each of them." (Docket # 160 at 59.)

The Assignment Agreement, dated the following day, was entered into between Mrs. Davis and SDJE. In the Assignment Agreement, Mrs. Davis transferred her rights to Sammy Davis, Jr.'s likeness and music to SDJE in exchange for (1) one-third of the SDJE stock, (2) Mr. Francis and The LaRoda Group's promise to collect royalties and to market and license the music and likeness of Sammy Davis Jr., and (3) the terms of the Transfer Agreement. The Assignment Agreement incorporates-by-reference the Transfer Agreement. (Docket # 160 at 60.) Though Mrs. Davis and SDJE are the Parties to the Assignment Agreement, its terms obligate Mr. Francis and The LaRoda Group to perform obligations on SDJE's behalf.

The Transfer Agreement and the Assignment Agreement outline the respective obligations of all the Parties. (Docket # 160 at 59-60.) The contracts work in conjunction with each other: Mrs. Davis transfers her rights in her late husband's image and intellectual property to SDJE and Mr. Francis and The LaRoda Group promise to market, license, and collect royalties. (*Id.*) All three parties own equal shares of SDJE stock. The interconnectedness of the terms of the contracts leads the Court to conclude that the two contracts must be read in tandem, not in isolation.

In her motion, Mrs. Davis seeks summary judgment on her declaratory judgment and specific performance claims, which are equitable in nature. In response to those claims, Defendants assert

numerous equitable defenses based primarily on their assertion that Mrs. Davis withheld royalty and other payments that belonged to SDJE. Defendants maintain their agreements with Mrs. Davis were based on the mutual understanding that in exchange for their efforts to collect royalties and to market and license the music and likeness of Sammy Davis Jr., Defendants would derive the full economic benefit associated with their status as shareholders. When Mrs. Davis wrongfully withheld royalties belonging to the SDJE, Mr. Francis and Mr. LaRoda were deprived of the benefit of their bargain with Mrs. Davis.

Mrs. Davis asks the Court to strike certain statements from Barrett LaRoda's declaration(s). (Docket # 173.) She objects to the relevance of Mr. LaRoda's statements in his declaration (Docket # 168-1) about the history of the Parties' relationships and the purpose(s) behind the Parties' agreements. Defendants' equitable defenses are based on the allegations that Mrs. Davis owed Defendants money and that the Parties agreed to form SDJE as a vehicle to repay the money she owed. The Court believes Mr. LaRoda's statements are relevant to the equitable defenses asserted by Defendants.

Mrs. Davis also argues certain statements should be stricken because Mr. LaRoda lacks personal knowledge of Mrs. Davis's conduct and intent. The briefing between the Parties regarding these evidentiary issues underscores the inappropriateness of summary judgment on these claims. What Mrs. Davis seeks is an advance ruling on the admissibility of evidence, which the Court believes would be premature at this stage and in this context. Because the issues of whether Mrs. Davis owed Defendants money, why the Parties created SDJE, and whether Mrs. Davis received and wrongfully withheld funds that belonged to SDJE, are inherently factual inquiries, the Court will reserve these evidentiary determinations until the time of trial. At that time, the Court will be better

positioned to evaluate the admissibility of evidence to enable the jury to make factual findings regarding Mrs. Davis's intent. Therefore, the Court DENIES Plaintiff's Objections to Defendants' Summary Judgment Evidence and DENIES Defendants' Motion to Strike the Estate's Reply.

"For the purposes of a summary judgment determination, all fact questions are viewed in the light most favorable to the nonmovant." *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.* --- F.3d ----, 2011 WL 1238008, *3 (Apr. 5, 2011). Viewing these facts in the light most favorable to Defendants, the Court concludes there are genuine issues for trial with respect to Defendants' equitable defenses. Therefore, Mrs. Davis's partial motion for summary judgment is DENIED.

### B. Motion for Injunctive Relief.

Mrs. Davis also requests that the Court issue a restraining order prohibiting Defendants from spending and depositing money belonging to SDJE and conducting business on behalf of SDJE. The four elements a movant must establish to secure a preliminary injunction are: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the preliminary relief is denied; (3) the threatened injury to the movant outweighs any damage preliminary relief might cause the nonmovant; and (4) the preliminary relief sought will not disserve the public interest. *Janvey v. Alguire*, 628 F.3d 164, 174 (5th Cir. 2010).

Mrs. Davis argues that Defendants have wrongfully continued doing business as SDJE, have been rampantly spending SDJE's money, and have been receiving income without distributing any to her. Mrs. Davis asks the Court to enjoin Defendants from continuing to promote Sammy Davis Jr. and to order LaRoda, The LaRoda Group and Francis to deposit into the Court's registry all money they have received from and on behalf of SDJE after June 2, 2009.[2]

---

[2] It is unclear from the terms of the Transfer Agreement whether Defendants' obligation to transfer their shares to Mrs. Davis was triggered at the expiration or five years or was triggered by the one dollar payment. Thus, the Court

Plaintiff has presented evidence that Defendants have not been disclosing all contracts they have made on SDJE's behalf and all monies owed to and received by Defendants on SDJE's behalf. She also has presented evidence that Defendants have been receiving money on SDJE's behalf, but have failed to distribute to her the one-third of the income to which she is contractually entitled.

Based on Mrs. Davis's evidence (e.g., The LaRoda Group website, the recent licence agreement, bank records), the Court recognizes that Plaintiff may suffer irreparable injury unless the Court restrains Defendants from spending SDJE's money, entering into additional licencing agreements and/or contracts to promote Sammy Davis Jr.'s material, and to prevent Defendants from continuing to publish to the public that they have ownership rights to the material.

To maintain the status quo, the Court ORDERS all Defendants, including their agents, servants, attorneys, representatives, and all persons acting in concert and participating with them, directly or indirectly, to deposit all monies they receive from and on behalf of SDJE into the Court registry. The Court also ENJOINS all Defendants including their agents, servants, attorneys, representatives, and all persons acting in concert and participating with them, directly or indirectly, from writing checks or transferring funds from any SDJE account to anyone other than this Court's registry. All Defendants are also ENJOINED from advertising, promoting, or otherwise holding out to the public that they are owners or have rights to the Sammy Davis, Jr. material or to SDJE. All Defendants are ENJOINED from selling, assigning, or otherwise transferring their SDJE shares to

---

looks to the principles of contract construction to make this determination. According to the terms of the Transfer Agreement, The LaRoda Group and Francis's obligation to tender their shares and Mrs. Davis's obligation to pay the one dollar were concurrent conditions. Where both conditions can be rendered at the same time, they are constructively concurrent. Thus, each is a condition precedent to the other. In other words, each party must first tender his own performance if he wishes to put the other under a duty of immediate performance so as ro be in breach if he fails to perform. 13 *Williston on Contracts* § 38:11 (4th ed. 2010). Thus, Defendants' obligation to tender their stock to Mrs. Davis was triggered on May 14, 2010. (Docket # 188 at 32.)

anyone other than Plaintiff. All Defendants are ENJOINED from licensing, selling, assigning, or otherwise granting any rights in the Sammy Davis, Jr. material.

It is SO ORDERED, this 27th day of April 2011.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE